UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Bourke,<br><br>    Plaintiff,<br><br>    v.<br><br>County of DuPage, a political subdivision of the State of Illinois, Illinois Department of Corrections, Illinois State Police, Alexander McGimpsey, Unknown Prosecutors of County of DuPage,<br><br>    Defendants. | No. 08 C 7200<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this case alleging that Defendants intentionally prevented a court ordered expungement from being completed and submitted two false reports to the FBI regarding Plaintiff's criminal records. Defendants, the County of DuPage and Assistant State's Attorney Alexander McGimpsey ("McGimpsey"), (collectively "Defendants"), come now with a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6). For the foregoing reasons, I grant in part and deny in part Defendants' motion to dismiss.

**I. BACKGROUND**

Plaintiff, David Bourke, was convicted of murdering Roger Johnson on April 16, 1998. On April 21, 2001, the Illinois Appellate Court found that Bourke was acting in self-defense and overturned his conviction. That decision had the effect of an acquittal. Following this ruling, Plaintiff filed a Petition to Expunge in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois. On July 3, 2003 the Circuit Court entered an order directing the expungement

of all records by the Illinois State Police, Downers Grove Police Department and the Circuit Court Clerk of DuPage County relating to Plaintiff's arrest for murder on April 16, 1998.

Plaintiff asserts that from 2003 to 2008, Plaintiff's criminal history erroneously included the expunged murder conviction. Furthermore, Plaintiff alleges that during 2009 either the Illinois State Police or the Illinois Department of Corrections, or both agencies, submitted two false reports to the FBI regarding Plaintiff's criminal records. One report falsely stated that Plaintiff was arrested on the charge of murder on March 22, 2007. The second report falsely stated that Plaintiff was arrested for a class three felony intimidation.

Because of these actions, employers searching Plaintiff's criminal background would see false or misleading information. Beginning in August 2003, Plaintiff began diligently seeking employment as a truck driver. It was not until January 2007 that Plaintiff discovered that his record was not expunged. Plaintiff asserts that he has suffered substantial financial, physical, emotional and psychological harm as a result of Defendants' allegedly wrongful actions.

Plaintiff's Amended Complaint has four counts: (1) Count I seeks relief under 42 U.S.C. § 1983 alleging that McGimpsey and/or other Unknown Prosecutors denied him due process of law under the Fourteenth Amendment when they instructed Illinois State Police not to implement the expungement order, instructed Illinois State Police to place a "custodial hold" on the expungement order, and prevented the expungement of Plaintiff's criminal records maintained by the Illinois State Police; (2) Count II seeks a declaratory Judgment against the Illinois State Police, the Illinois Department of Corrections, McGimpsey and Unknown Prosecutors; (3) Count III seeks relief under 42 U.S.C. § 1983 alleging that the Illinois State Police and the Illinois Department of Corrections violated Plaintiff's rights to due process when they failed to expunge

his record and provided erroneous criminal history information to the FBI; (4) Count IV seeks relief for intentional infliction of emotional distress for the actions of McGimpsey and Unknown Prosecutors.

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In ruling on such a motion, I accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 4(e)(2), proper service is achieved by delivering a copy of the summons and complaint to the defendants personally. Under Rule 4(m), this service must be made within 120 days after filing the complaint, and I should dismiss the action without prejudice if it is not. If the plaintiff shows good cause for its failure to serve, I must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

**III. DISCUSSION**

    <u>A. I Deny Dismissal for Failure to Serve Process in a Timely Manner.</u>

    Defendants ask that I dismiss Plaintiff's case without prejudice in accordance with Federal Rule of Civil Procedure 4(m). Rule 4(m) states that if a defendant is not served within 120 days after the complaint is filed, a court must dismiss the action without prejudice. Fed. R.Civ. P. 4(m). However, if plaintiff has shown good cause for the failure, the court must extend the time for service. *Id*.

    Here, Plaintiff did not serve Defendants until approximately seven months after he filed his complaint. The reason for his delay was his concern regarding "spoliation and preservation of evidence." Indeed, on March 25, 2009, I granted Plaintiff's motion to expedite deposition discovery. Plaintiff does not provide any legal support for his proposition that his concern for the preservation of evidence is sufficient to show good cause for his delay in serving Defendants. Nonetheless, given that Defendants have been served, discovery has been taken, and that a dismissal would be *without prejudice*, I decline to dismiss Plaintiff's Amended Complaint for failure to serve.

    <u>B. Count IV Is Not Precluded by the Statute of Limitations or the Court of Claims Act.</u>

    The purpose of a statute of limitations is to "afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is based while the facts are accessible." *Porter v. Decatur Memorial Hospital*, 882 N.E.2d 583, 591 (Ill. 2008). Defendants argue that the statute of limitations requires the dismissal of Counts I and IV of Plaintiff's complaint. Because I dismiss Count I on other grounds, I do not reach the issue of whether it is precluded by the statute of limitations.

Count IV of the Amended Complaint seeks relief for intentional infliction of emotional distress by McGimpsey and other Unknown Prosecutors. With regard to state law claims, Illinois law provides a one-year statute of limitations for civil actions against "a local entity or any of its employees." 745 ILCS 10/8-101 (West 2003). Included in the definition of a 'local public entity' is "a county, township, municipality, municipal corporation" among others. 745 ILCS 10/1-206 (West 2005). The Illinois statute excludes "the State or any office, officer, department, division, bureau, board commission, university or similar agency of the State." Defendants argue that an assistant State's Attorney is a county officer under some statutory schemes and is thus protected by the statute of limitations. Plaintiffs dispute this assertion arguing that McGimpsey, as a State's Attorney, does not have an agency relationship with the county and is instead an officer of the State.

As discussed in *Price v. Illinois*, 820 N.E.2d 104, 106-07 (Ill.App.Ct. 2004), although the judicial article of the Illinois Constitution established the State's Attorney's office, State's Attorneys are elected by the voters of each county. *Id*. at 107. This leaves the question of whether a State's Attorney is an officer of the State, or an employee of the county. The Illinois Appellate Court addressed this question in *Price*. Discussing Illinois case law and legislative history, the Appellate Court found that a State's Attorney was an officer of the State. *Id*. Accordingly, McGimpsey does not fall within the purview of the one-year statute of limitations.

In the alternative, Defendants argue in their reply that if McGimpsey is a state officer, claims against him are barred by the Court of Claims Act. 705 ILCS 505/1 (West 1999). When an action is brought against the State of Illinois, and not an individual, the claim must be brought in the Court of Claims. 705 ILCS 505/1 (West 1999); *Healy v. Vaupel*, 549 N.E.2d 1240, 1247

5

(Ill.App.Ct.1990). A claim will be considered directed against the State when there are: " (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State." *Vaupel*, 549 N.E.2d at 1247.

Here, Plaintiff asserts that Defendants "intentionally and without any legitimate basis in law" deprived Plaintiff of his expungement due to "evil motive and ill will." I find that Plaintiff does accuse Defendants of acting outside the scope of their authority by deliberately preventing an expungement order from being completed. These claims are therefore not brought against the State, but against the individual defendants. Accordingly, Count IV is not barred by the Court of Claims Act.

### C. Count I Is Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted.

Defendants argue that Plaintiff's § 1983 claim fails under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and argues that: (1) McGimpsey is entitled to qualified immunity because Plaintiff is unable to show that McGimpsey violated a clearly established constitutional right; (2) defendants in criminal cases have no clear right to the expungement of law enforcement records under Illinois law, because, in Illinois, the trial court has discretion to enter an expungement order; and (3) other federal courts that have considered this issue have found that no federal right is implicated by the failure to comply with a state expungement law. Plaintiff argues that the issue here is Defendants' interference with the expungement order's execution once it was granted by the trial court.

Plaintiff contends that the Illinois Criminal Identification Act provided him with an absolute right to an expungement order and that, by enacting this statute, the Illinois legislature created a fundamental property right to an expungement which is protected by the Fifth and Fourteenth Amendments to the Constitution. Therefore, when Defendants allegedly failed to implement or interfered with the implementation of the expungement order, they violated Plaintiff's constitutional rights.

Due process guarantees under the Fifth and Fourteenth Amendments only come into effect when a constitutionally protected right or property interest is at stake. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). To determine if a defendant is entitled to qualified immunity, a court must determine: (1) if the plaintiff was deprived of a constitutional right; and (2) if the constitutional right was clearly established at the time of the violations. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Although Plaintiff argues that the Illinois Criminal Identification Act provides an absolute right to an expungement, the statutory section to which he cites was not enacted at the time of the alleged violation. Therefore, I must determine if, at the time the trial court entered the expungement order, July 3, 2003, Plaintiff had a constitutional right to expungement. An examination of the law effective at the time of Plaintiff's expungement reveals that the decision to expunge a record was completely discretionary. A State can create a constitutionally protected interest "by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). When the decision-maker is not "'required to base its decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all' the State has not created a constitutionally protected liberty interest." *Gavin v. McGinnis*, 866 F.Supp. 1107, 1111

7

(N.D.Ill.1994) (citing *Olim,* 461 U.S. at 249(citations omitted)). At the time the Judge entered the Plaintiff's expungement order, the Statute granted the Judge total discretion. 20 ILCS 2630/5 (West 2003) (Whenever an adult . . . not having previously been convicted of any criminal offense . . .is acquitted or released without being convicted. . . the presiding trial judge at the defendant's trial may upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority). Based on the language of the statute, I do not find that a constitutional right was created. Accordingly, I dismiss Plaintiff's Count I.

### D. Count II Is Dismissed as to DuPage County and Defendant McGimpsey

Defendants argue that Count II should be dismissed because Plaintiff is not entitled to relief under the Federal Declaratory Judgment Act. With respect to McGimpsey, Plaintiff seeks a declaratory judgment that Defendant violated Plaintiff's right to due process guaranteed by the Fourteenth Amendment to the United States Constitution by failing to implement the expungement order and by instructing the Illinois State Police not to comply with the Order. Defendant McGimpsey challenges this count on three grounds. First, he argues that he has not violated Plaintiff's right to due process under the Fourteenth Amendment because (1) his § 1983 action was filed outside of the statute of limitations period; and (2) McGimpsey did not violate Plaintiff's constitutional rights. Second, he argues that as a state's attorney, he is not involved in the implementation of an expungement order. Third, McGimpsey argues that he does not have the power to instruct the Illinois Police on whether to comply with an expungement order.

Plaintiff argues this case is unusual and that McGimpsey or other Unknown Prosecutors "bypassed the traditional method of implementation of the expungement order and interfered with that order."

8

I agree that McGimpsey does not have the power to implement an expungement order, nor does he have the power to instruct the Illinois State Police on whether to comply with an expungement order. Furthermore, as discussed *supra,* Plaintiff's due process rights were not violated. I therefore dismiss Count IV as it relates to Defendant McGimpsey.

Plaintiff does not request a declaratory judgment against DuPage County, however, to the extent that Plaintiff requests declaratory relief against "Defendants," I dismiss Count II against DuPage County.

## IV. CONCLUSION

For the foregoing reasons, I grant Defendants' motion to dismiss Counts I and II. I deny Defendants' motion to dismiss Count IV.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: December 22, 2009

.