# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7200 | **DATE** | November 15, 2011 |
| **CASE TITLE** | Bourke v. County of DuPage, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to appoint an expert in computer forensics [67] is DENIED and Counts II and III are DISMISSED.  Plaintiff's motion to appoint new counsel [68]  is taken under advisement; I will issue a ruling at the next status hearing.

## STATEMENT

Before me is Plaintiff's motion to appoint counsel and a computer forensics expert.  Before I address this motion, a bit of housekeeping is in order.

On December 22, 2009, I issued an order dismissing Count I in its entirety and Count II as to DuPage County and Defendant McGimpsey.  One of the reasons for my order was that Plaintiff's federal due process rights were not violated when Defendants failed to comply with a 2003 state court order directing the expungement of all records relating to Plaintiff's 1998 arrest for murder.  I now extend that reasoning to dismiss Count II against the remaining Defendants, the Illinois State Police and the Illinois Department of Corrections.

Further, what remains of Count II and Count III are barred by both the XIth Amendment and § 1983's "person" requirement. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989).  Plaintiff may not sue the state or its agencies by name in federal court unless the state waives its sovereign immunity.  He may sue an individual state officer in his or her official capacity if he seeks prospective or declaratory relief only. Plaintiff asks this court to enjoin the Illinois State Police and the Illinois Department of Corrections from issuing erroneous criminal records in the future.  Even if Plaintiff sues the proper officials at these state agencies, his claim faces several difficulties.  First, in order to obtain standing to seek injunctive relief, Plaintiff must make a showing that he faces a real and immediate threat of future injury, not just that he has suffered injury in the past.  *City of Los Angeles v. Lyon*, 461 U.S. 95 (1983). He has not yet made this showing, and I doubt that Defendants, now knowing that Plaintiff has the attention of this court, will ever repeat the activity of which Plaintiff complains.  Second, it is not clear to me that Plaintiff suffered a Constitutional harm due to Defendants' alleged provision of erroneous criminal information to the FBI.  The alleged injury here is essentially a deprivation to Plaintiff's liberty or property interest in his reputation. However, Plaintiff has no 14th Amendment rights to reputation alone.  To implicate the Constitution, the

**STATEMENT**

damage to Plaintiff's reputation must alter or extinguish a right or status previously recognized by state law. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). Inability to secure future employment is usually not enough. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002). Plaintiff's alleged inability to renew his hazardous materials license may be a sufficient alteration in legal status, but here he runs into his third problem: causation. Since Plaintiff did in fact plead guilty to felony intimidation of a police officer in 2007, it is far from certain that he would have had his license renewed even if a completely accurate criminal history had been provided to the FBI.

I say this not to disparage Plaintiff's case or suggest that Defendants have clean hands. I stand by my previous statement that Plaintiff has been wronged, and I find the state agencies' failure to comply with the state court expungement order inexcusable. I did not promptly dismiss these claims because of the essential injustice involved in this case. I believed that having the power of this court looming in the background would advance Plaintiff's interests by speeding up the expungement process, and this appears to have happened. The problem with Plaintiff's case is not an absence of injury, but the lack of a clear Constitutional hook. Most of his claims are better suited for the Illinois Court of Claims, or through a common law defamation action. If, however, Plaintiff decides to re-file Count III in federal court against properly named defendants, he should be mindful of the issues I have laid out above. Counts II and III are dismissed in their entirety. Only Count IV remains.

Plaintiff's motion for the appointment of an expert is denied. Plaintiff overreaches in asserting that he requires a computer forensics expert to examine various Illinois State Police archives. There are archives that require only ordinary computer skills to search and others that require great expertise; Plaintiff has made an inadequate showing that the ISP archives fall within the latter group. In making this determination, I have to weigh the likelihood that such an expert would be able to recover meaningful evidence against the significant expenditure of taxpayer funds such an expert search would entail. It is too late for Plaintiff to add any new defendants, and even if a forensics expert could find evidence to support the remaining claim against Defendant McGimpsey, it is going to be very hard to prove damages. Plaintiff has a considerable criminal history apart from the wrongful conviction of murder, and thus, it is far from certain that he would have found employment even without the expungement problems and the issuance of erroneous rap sheets. Given these circumstances, I cannot justify the appointment of such an expert at this time.

The only remaining issue is the appointment of new counsel to assist Plaintiff in prosecuting Count IV. I will take his motion under advisement and issue a ruling at the next status hearing.